UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LEE E. NICHOLS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:25-CV-020-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Lee Nichols has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1.]  The Court must screen the petition pursuant to 28 U.S.C. § 2243.  *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Nichols's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In April 2019, Nichols was sentenced to 71 months imprisonment for various drug and firearms offenses in the United States District Court for the Southern District of Illinois.  *See United States v. Nichols*, No. 3:17-CR-30153-SMY-1 (S.D. Ill. 2017) [R. 99 therein.]  Nichols

completed that carceral term, but on February 26, 2024, the sentencing court revoked Nichols's supervised release and ordered him to serve 12 months in prison. [R. 161 therein.]

In December 2024, Nichols sent a document titled "Ineffective Assistance of Counsel" and bearing the style of his criminal case to the Illinois court. *See* [R. 181 therein.] In that document – which is now the operative petition in this case – Nichols claimed that during the revocation proceedings his court-appointed attorney failed to challenge the application of certain prior convictions to determine his sentencing range, failed to challenge the constitutionality of 18 U.S.C. § 922(g), and lied to him on several occasions, all rendering his guilty plea invalid. *See id.* at 1-3. Nichols requested that the charges against him be dismissed. *Id.* at 4.

Nichols's submission was docketed in his criminal case, presumably because he appeared to seek relief of a kind available under 28 U.S.C. § 2255. However, three weeks later the Illinois court entered a text order directing the Clerk of that Court to remove Nichols's submission from the criminal case docket and re-docket it as a petition for a writ of habeas corpus. [R. 182 therein.] The brief text order did not explain the reason for the court's action.[1]

As directed, the next day the Clerk docketed Nichols's submission as the operative petition in a new § 2241 habeas proceeding. *See Nichols v. Warden*, No. 3:25-CV-031-SPM (S.D. Ill. 2025) [R. 1 therein.] The judge presiding over that matter correctly concluded that a § 2241 petition filed by Nichols and challenging present confinement can be considered only in

---

[1] The Court reluctantly notes its respectful disagreement with the prior characterization of that document: Nichols expressly styled his document for his criminal case; did not mention § 2241; asserted claims of a kind cognizable in a § 2255 motion; sent it directly to the court of conviction; requested relief specifically from that court; and did so as the one-year limitations period of 28 U.S.C. § 2255(f) approached. The foregoing indicates an intention to seek relief under § 2255 from the court of conviction. And on one prior occasion Nichols filed a § 2241 petition seeking relief from his federal conviction, suggesting perhaps that he is aware of the distinction between the two remedies. *See Nichols v. USA*, No. 3:19-CV-104-SMY (S.D. Ill. 2019).

the district of his incarceration, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and transferred the matter to this Court. *See* [R. 8.] Nichols's original submission now pends in this case as a § 2241 petition. *See* [R. 1.]

Having reviewed the matter, the Court must dismiss Nichols's submission – if construed as a § 2241 petition – because the Court lacks jurisdiction to entertain its claims. *See Jones v. Hendrix*, 599 U.S. 465, 478-79 (2023); *Miller v. United States*, No. 23-3229, 2023 WL 6130301, at *2 (6th Cir. Aug. 9, 2023) (noting that "the Supreme Court has recently clarified that the saving clause applies only 'where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court.'" (quoting *Jones*, 599 U.S. at 478); *Price v. Gilley*, No. 22-5631, 2023 WL 9327735, at *1–2 (6th Cir. Aug. 16, 2023) (claim that guilty plea was invalid not cognizable in § 2241 petition).

While Nichols cannot seek a remedy in this Court, if he acts promptly, he may be able to pursue his claims in the sentencing court. Nichols recently filed a "Motion to Enforce Terms of Plea Agreement" with the Illinois Court. *See Nichols*, No. 3:17-CR-30153-SMY-1 [R. 184 therein.] Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that court has cautioned Nichols that it intends to re-characterize his motion as one seeking relief under § 2255 if he does not object before March 7, 2025. *See Nichols*, No. 3:17-CR-30153-SMY-1 [R. 185 therein.] Nichols's challenge to the validity of his guilty plea may be reviewable if he adds such a claim to his already-pending construed § 2255 motion. Because Nichols was convicted on February 26, 2024, he should act promptly to include such claims prior to the approaching one-year deadline under § 2255(f).

Accordingly, it is **ORDERED** as follows:

1.      Nichols's motion to proceed in forma pauperis, [**R. 6**], is **GRANTED**.  The Court

**WAIVES** payment of the applicable filing fee.

2.      Nichols's petition for a writ of habeas corpus, [R. 1], is **DISMISSED** for lack of

jurisdiction.

3.      This action is **STRICKEN** from the Court's docket.

This the 14th day of February 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 4 -